[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13841
Non-Argument Calendar
_____

Agency No. A201-298-265

GERARDO PRIETO-MIRANDA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 30, 2016)

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Gerardo Prieto-Miranda seeks review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for withholding of removal to Mexico.  He argues that he has met his

burden of proving eligibility for withholding of removal by establishing that his fears of future persecution have a sufficient nexus to a statutorily protected ground. After careful review, we deny the petition in part, and dismiss it in part.

We "review only the [BIA]'s decision, except to the extent that it expressly adopts the IJ's opinion. Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (citation omitted). When the BIA decides that someone is ineligible for withholding of removal, we review that decision under the substantial evidence test, where we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Seck v. U.S. Att'y Gen., 663 F.3d 1356, 1364 (11th Cir. 2011). We must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004) (quotation omitted). "To reverse the . . . fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). Whether an asserted group constitutes a particular social group is a question of law, which is reviewed de novo. See Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1195-96 (11th Cir. 2006).

2

The Immigration and Nationality Act ("INA") provides that "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Private acts of violence, general criminal activity, and purely personal retribution do not qualify as persecution based on a statutorily protected ground. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006); Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004). We have defined the term "particular social group" to mean "persons who share a common, immutable characteristic that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." Rodriguez v. U.S. Atty. Gen., 735 F.3d 1302, 1310 (11th Cir. 2013) (per curiam) (quotation omitted). To meet the statute's definition, a group also needs "social visibility," meaning the group's characteristics must be "highly visible and recognizable by others in the country." Castillo-Arias, 446 F.3d at 1194 (quotation omitted). Beyond that, a group can't be "too numerous or inchoate," and it shouldn't be defined so broadly that it is "a catch-all for all groups who might claim persecution." Id. at 1197–98.

Here, Prieto-Miranda's claims of persecution are based on threats he received from the relatives of a married woman who were upset that he was living

3

with her, his robbing and beating by neighborhood gang members (who included a relative of the married woman's husband), his nephew's stabbing, and his cousin's death. But the record supports the conclusion that Prieto-Miranda's past threats and beating and his fears for his safety were due to a personal matter relating to his previous romantic relationship, and persecution based on personal matters is not based on a protected ground. Similarly, the record supports a finding that the harms suffered by Prieto-Miranda's family members were a result of general criminal activity, and not on account of a protected ground. Thus, substantial evidence supports the determination that Prieto-Miranda's asserted persecution did not have a sufficient nexus to one of the five protected grounds.

As for Prieto-Miranda's remaining arguments, we lack jurisdiction to review them. The INA provides that we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien" as a matter of right. 8 U.S.C. § 1252(d)(1). The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). A petitioner must exhaust a claim before the BIA by raising both the core issue and any discrete arguments he relies on in support of that claim. Jeune v. U.S. Att'y Gen., 810 F.3d 792, 800 (11th Cir. 2016). A petitioner does not exhaust a claim if

4

they do not present it before the BIA, even if the BIA addresses the issue sua sponte.  Amaya-Artunduaga, 463 F.3d at 1250-51.

Prieto-Miranda did not present before the BIA his discrete arguments that expatriates who return to Mexico from the United States should be a protected social group, or that there is a pattern of organized crime and persecution in Mexico.  Because he did not exhaust these claims, we do not have jurisdiction to review them.

**PETITION DENIED IN PART, DISMISSED IN PART.**